**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jane Marie Hall, | Civil No. 11-1269 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Metropolitan Life Insurance Company,<br>and Dennis Lynn Hall, II, | |
| Defendants. | |

_____

Konstandinos Nicklow, Esq., Meshbesher & Spence, Ltd, counsel for Plaintiff.

William D. Hittler, Esq., Nilan Johnson Lewis PA, counsel for Defendant Metropolitan Life Insurance Company.

Gregory W. Deckert, Esq., Deckert & Van Loh, PA, counsel for Defendant Dennis Lynn Hall, II.

_____

## INTRODUCTION

This matter is before the Court on Defendant Metropolitan Life Insurance Company's Motion to Dismiss (Doc. No. 9), Plaintiff's Motion to Strike the Affidavit of William D. Hittler (Doc. No. 17), and Plaintiff's Motion to Amend the Amended Complaint (Doc. No. 19). For the reasons set forth below, the Court denies the motions to dismiss and to strike and denies as moot the motion to amend.

## BACKGROUND

Plaintiff married Dennis Lynn Hall ("Decedent") on May 7, 2001, and was married to Decedent at the time of his death on January 27, 2011. (Doc. No. 1, Ex. 1, Am. Compl. ¶¶ 5, 26.) Decedent was hired by Newmont USA Limited ("Newmont") in Winnemucca, Nevada, on or about August 18, 1988. (*Id.* at ¶ 6.) Decedent obtained a life insurance policy with Metropolitan Life Insurance Company ("MetLife") through his employment with Newmont. (*Id.* at ¶ 7.) Decedent originally named his son, Defendant Dennis Lynn Hall, II, as the beneficiary under his life insurance policy. (*Id.* at ¶ 8.)

Beginning in or around March 2010, Plaintiff and Decedent began traveling to the Mayo Clinic in Rochester, Minnesota, on a weekly or bi-weekly basis, for medical examinations and treatment related to Decedent's cancer diagnosis. (*Id.* at ¶¶ 9, 10.) Consistent with their standard practice, on January 25, 2011, Plaintiff and Decedent traveled to Rochester for a routine medical appointment at the Mayo Clinic, scheduled for January 26, 2011. (*Id.* at ¶ 11.) Plaintiff claims that she and Decedent expected to attend Decedent's medical appointment on January 26, 2011, and to return to their home in Akeley, Minnesota, later that same day. (*Id.* at ¶ 12.) Plaintiff alleges that she and Decedent were not aware "of the seriousness of Decedent's cancer situation" when they traveled to Rochester on January 25, 2011. (*Id.* at ¶ 13.)

During the very early morning hours of January 26, 2011, Decedent awoke to discover that part of his body had become paralyzed. (*Id.* at ¶ 14.) Plaintiff called 911, and Decedent was immediately transported to the Mayo Clinic via ambulance. (*Id.* at

¶ 15.)  Tests were performed on Decedent at the Mayo Clinic on January 26, 2011.  (*Id.* at ¶ 16.)  That same day, January 26, 2011, Decedent was informed he had a very short time to live.  (*Id.* at ¶ 17.)  Decedent then indicated he had certain matters he needed to attend to—specifically, Decedent indicated he needed to execute a Last Will and Testament.  (*Id.* at ¶ 18.)

Decedent requested that Plaintiff's daughter provide him with a blank Last Will and Testament form.  (*Id.* at ¶ 19.)  Plaintiff's daughter obtained such a form and returned it to Decedent.  (*Id.* at ¶ 20.)  Plaintiff's daughter then filled out the Last Will and Testament as directed by Decedent.  (*Id.* at ¶ 21.)  Decedent proceeded to execute his Last Will and Testament on January 27, 2011.  (*Id.* at ¶ 22.)  Plaintiff claims that Decedent's Last Will and Testament was properly witnessed and executed under Minnesota law, and that it directed that any and all of Decedent's life insurance and benefits be distributed to Plaintiff.  (*Id.* at ¶¶ 23-24.)  Decedent died later the same day.  (*Id.* at ¶¶ 25-26.)

On February 10, 2011, Plaintiff's counsel notified MetLife of Decedent's death and that Plaintiff was the named beneficiary of Decedent's life insurance policy pursuant to Decedent's Last Will and Testament.  (*Id.* at ¶ 29; ECF No. 22, Nicklow Aff. ¶ 3, Ex. 1.)  Plaintiff requested that MetLife pay her the proceeds of Decedent's life insurance policy.  (Am. Compl. at ¶ 30.)  MetLife denied Plaintiff's request for Decedent's life insurance proceeds on February 25, 2011, claiming Plaintiff was not the named beneficiary for Decedent's life insurance policy.  (*Id.* at ¶ 31.)

3

Plaintiff filed suit in state district court, and MetLife removed the case to this Court. Plaintiff asserts the following four claims against Defendants: (1) Declaratory Relief; (2) Breach of Contract; (3) Conversion; and (4) Unjust Enrichment.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.  Motion to Strike

The Court concludes that the insurance policy documents attached to the affidavit submitted by MetLife's counsel are materials embraced by the complaint.  *See Porous Media Corp.*, 186 F.3d at 1079.  The Court may thus consider the affidavit in rendering its decision on the motion to dismiss.  *See id.*  Consequently, Plaintiff's motion to strike is denied.

## III. Motion to Dismiss

Plaintiff's claims stem from the principal allegation that MetLife has unlawfully failed to honor Decedent's change of the named beneficiary of his life insurance policy. MetLife argues that Plaintiff's claims fail because Decedent did not properly submit a change of beneficiary form pursuant to the requirements of the policy.  Because the Court finds that Plaintiff has asserted valid claims and has properly pleaded her claims, MetLife's motion to dismiss must be denied in its entirety.

> The Certificate of Insurance for the plan at issues provides:
>
> You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us.  Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.

(Hittler Aff. ¶ 1(a), Ex. A at 65.)

Decedent executed his Last Will and Testament on January 27, 2011, the date of his death. Plaintiff alleges that she provided MetLife with a copy of Decedent's will, through her counsel, on February 10, 2011, fourteen days after Decedent signed the document. It is not clear to the Court why a properly witnessed and executed Last Will and Testament, provided within thirty days of its signature, would not constitute "a form satisfactory to" MetLife sufficient to effectuate a change in beneficiary of a life insurance policy. Such an issue, however, as well as any relevant factual disputes, are not before the Court for purposes of the present motion. Still, the Court determines, at a minimum, that Plaintiff has articulated a factual basis for her claims in light of her contention that Decedent complied with the terms of the policy by way of executing his Last Will and Testament. In so holding, the Court notes that it is not concluding, as a matter of law, that Decedent did, in fact, comply with the terms of the policy. Rather, the Court concludes that Plaintiff has properly asserted her claims on the basis of her factual allegations. The Court concludes that the Amended Complaint contains factual support for each cause of action sufficient to satisfy the requirements of *Twombly*. As such, Plaintiff's claims must survive.

**IV.    Motion to Amend**

Plaintiff seeks leave to amend her complaint as an alternative to granting MetLife's motion to dismiss. Because the Court has denied the motion to dismiss, the Court denies as moot Plaintiff's motion for leave to file a second amended complaint.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Metropolitan Life Insurance Company's Motion to Dismiss (Doc. No. [9]) is **DENIED**.

2. Plaintiff's Motion to Strike the Affidavit of William D. Hittler (Doc. No. [17]) is **DENIED**.

3. Plaintiff's Motion to Amend the Amended Complaint (Doc. No. [19]) is **DENIED AS MOOT**.


Dated: January 5, 2012              s/Donovan W. Frank
                                                          DONOVAN W. FRANK
                                                          United States District Judge